# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1217V
Filed: March 22, 2017
[Not to be published]

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| ELIZABETH JACKSON, | * | |
| | * | Special Master Gowen |
| Petitioners, | * | |
| v. | * | Dismissal; Influenza ("Flu") |
| | * | Vaccine; Peripheral Neuropathy; |
| | * | Small Fiber Neuropathy |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

<u>Edward M. Kraus</u>, Law Offices of Chicago Kent, Chicago, IL, for petitioner.
<u>Adriana R. Teitel</u>, United States Department of Justice, Washington, DC for respondent.

## DECISION[1]

On December 19, 2014, Elizabeth Jackson ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on January 13, 2012, she suffered a "CIDP-like peripheral neuropathy and small fiber neuropathy." Petition at Preamble.

On March 21, 2017, petitioner moved for a decision dismissing her petition, stating that "following a thorough investigation, petitioner believes she will be unable to prove that she is entitled to compensation in the Vaccine Program." Motion for a Decision Dismissing Petition at ¶ 1. Counsel has advised petitioner that a decision by the Special Master dismissing her petition will result in a judgment against her, and that such a judgment will end all of her rights in the Vaccine Program. <u>Id.</u> at ¶ 3.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

To receive compensation under the Program, petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination. See §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover evidence that petitioner suffered a "Table Injury," and the record does not contain any persuasive evidence indicating that petitioner's alleged injuries were caused by her January 13, 2012, flu vaccination.

Under the Vaccine Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. In this case, petitioner alleged in her petition that she suffered a "CIDP-like peripheral neuropathy and small fiber neuropathy." Petition at Preamble. However, in an expert report filed January 23, 2017, petitioner's expert, Dr. Douglas Miller, concluded that petitioner's sural nerve biopsy slides "give convincing evidence that her problem is an axonopathic neuropathy and not a demyelinating neuropathy." Pet. Ex. 39 at 1. Accordingly, based on Dr. Miller's opinion, petitioner concluded that "because of the unusual presentation of [petitioner's] illness and the current scientific limitations on our understanding of how the seasonal influenza vaccine can cause axonal nerve damage, petitioner does not believe she can prove that the vaccine was more likely than not the cause of her illness." Motion for a Decision Dismissing Petition at ¶ 1.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that the injuries were "actually caused" by the January 13, 2012, vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/ **Thomas L. Gowen**
Thomas L. Gowen
Special Master