# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: April 26, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * | | |
| ELIZABETH JACKSON, | * | |
| | * | No. 14-1217V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Voluntarily Dismissed Claim; |
| | * | Special Master's Discretion. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * | | |

Edward M. Kraus, Law Offices of Chicago-Kent, Chicago, IL, for petitioner.
Adriana R. Teitel, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On April 7, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees and Costs ("Pet'r's Mot."), ECF No. 36. She requested $38,641.00 in attorney's fees and $27,067.31 in attorneys' costs, for a total request of $65,708.31. Id. For the reasons discussed below, the undersigned awards petitioner the full requested amount for attorneys' fees and costs.

### I. Procedural History

On December 19, 2014, Elizabeth Jackson ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petition ("Pet."), ECF No. 1. Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on January 13, 2012, she suffered a "CIDP-like peripheral neuropathy and small fiber neuropathy." Pet. at Preamble.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, she will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On March 21, 2017, petitioner filed an unopposed motion for a decision dismissing her petition. Pet'r's Motion for Dismissal, ECF No. 31. On March 22, 2017, the undersigned issued a decision dismissing the claim. Dismissal Decision, ECF No. 32.

On April 7, 2017, petitioner filed a motion for attorneys' fees and costs. Pet'r's Mot. She requested $38,641.00 in attorney's fees and $27,067.31 in attorneys' costs, for a total request of $65,708.31. Id. at 1. The motion contains a "petitioner and counsel statement" that petitioner has not incurred any fees or costs related to the litigation of this case. Id.

On April 24, 2017, respondent filed a response to petitioner's motion. Respondent's Response ("Resp's Resp."), ECF No. 38. Respondent stated that he is "satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Respondent "respectfully recommend[ed] that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. The matter is now ripe for an adjudication on petitioner's motion for attorneys' fees and costs.

## II.   Applicable Legal Standards

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa—15(e)(1). A petitioner need not prevail on entitlement to receive a fee award as long as petitioner brought the claim in "good faith" and with a "reasonable basis" to proceed. Id. Special Masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs. See Perreira v. Sec'y of Health and Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications").

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, the court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347–58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348. With regard to determining reasonable hourly rates, the undersigned recently conducted a thorough analysis to determine appropriate hourly rates for work performed in the Vaccine Program during 2015. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). McCulloch has been endorsed by all current special masters. The Office of Special Masters has issued a fee schedule which updates the McCulloch rates, to account for inflation in subsequent years. This fee schedule is posted on the court's website.[3] It sets forth the following rates for 2015- 2016:

---

[3] See Office of Special Masters – Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016, available at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters (last accessed April 25, 2017).

<u>Attorneys with:</u>

| Experience | Rate |
|---|---|
| 31+ years of experience in practice | $385- $430 |
| 20-30 years of experience in practice | $350- $415 |
| 11-19 years of experience in practice | $300- $375 |
| 8-10 years of experience in practice | $275- $350 |
| 4-7 years of experience in practice | $225- $300 |
| Less than 4 years of experience in practice | $150- $225 |
| Paralegals | $125- $145 |

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See <u>Savin v. Sec'y of Health & Human Servs.</u>, 85 Fed. Cl. 313, 316–18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." <u>Saxton</u>, 3 F.3d 1517 at 1521 (internal citations omitted). It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." <u>Id.</u> at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. See <u>Sabella v. Sec'y of Health & Human Servs.</u>, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. See <u>Broekelschen v. Sec'y of Health & Human Servs.</u>, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Like attorneys' fees, a request for reimbursement of costs must also be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

### III. Discussion

#### a. Entitlement to an Award of Attorneys' Fees and Costs

In the present case, petitioner may be awarded attorneys' fees and costs because her claim was brought in good faith and with a reasonable basis. See 42 U.S.C. § 300aa-15(e)(1). Her counsel gathered and filed medical records, consulted two experts, concluded with his client that she was unlikely to be able to prove entitlement, and then appropriately filed a motion to have the claim dismissed. Respondent does not oppose the motion for attorneys' fees and costs. Based on the foregoing, the undersigned will award reasonable attorneys' fees and costs.

#### b. Reasonable Attorneys' Fees

Petitioner requests the following hourly rates:

|  | 2013 | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|---|
| **Edward Kraus** | $348.00 | $361.00 | $375.00 | $389.00 | $389.00 |
| **Amy Kraus** | N/A | N/A | N/A | N/A | $311.00 |
| **Tara O'Mahoney** | $210.00 | $225.00 | N/A | $275.00 | $275.00 |
| **Paralegals** (Eileen Casey, Jaleesa Reed, Jennifer Huerta) | $100.00 | $100.00 | $110.00 | $110.00 | N/A |

3

Pet'r's Mot. at 4-21.

Mr. Kraus has been practicing law for over 24 years. Therefore, under McCulloch and the Office of Special Masters' fee schedule for 2015-16, he may reasonably receive hourly rates from $350.00- $415.00. Mr. Kraus also has particular experience and leadership in the Vaccine Program.[4] In 1999, he joined the clinical faculty at the Illinois Institute of Technology's Chicago-Kent School of Law. That same year, he also became the supervising attorney for the law school's Health & Disability Law Clinic and its Vaccine Injury Law Project, which represents petitioners in the Vaccine Program. Additionally, Mr. Kraus has also served on the Advisory Commission on Childhood Vaccines since 2011. The undersigned finds that Mr. Kraus's requested rates are consistent with McCulloch and reasonable, so they will be awarded.

The undersigned will also award the requested rates for the other attorneys and the paralegals. Ms. Amy Kraus has over 10 years of legal experience and has at least 8 years of experience working specifically on vaccine cases.[5] Therefore, her requested rate of $311.00 per hour for work performed in 2017 is reasonable.

Ms. Tara O'Mahoney graduated from law school in 2011 and began working as an attorney in July 2012.[6] In March 2013, she was hired by Mr. Kraus and she began working on this case. Ms. O'Mahoney's initial rates of $210.00 per hour in 2013 and $225.00 per hour in 2014 are reasonable for an attorney with less than 4 years of experience. By 2016, she had over 4 years of experience and a specific focus on the Vaccine Program. At that time, it was reasonable to increase her rate to $275.00 for work performed in 2016 and 2017.

Petitioner also requests $100.00 per hour for paralegal work performed in 2013 and 2014, and $110.00 for paralegal work from 2015 and 2016. These rates are lower than the paralegal rates set forth in McCulloch and the Office of Special Masters' current fee schedule. The undersigned will award the requested rates.

Petitioner requests compensation for a total of 135.90 hours expended on the case from 2013 to 2017. Id. at 21. The undersigned finds these hours to be reasonable. He notes that Mr. Kraus and the other attorneys properly billed paralegal tasks at paralegal rates. Additionally, each task and the time spent on that task appear reasonable. Based on his review of the billing entries and the lack of objection from respondent, the undersigned will award the attorneys' fees in full.

---

[4] Vaccine Injury Law Project – Attorney Ed Kraus, http://www.vaccineinjurylawproject.com/meet-attorney-ed-kraus (last accessed April 26, 2017); U.S. Court of Federal Claims – Edward Kraus, http://www.uscfc.uscourts.gov/edward-kraus (last accessed April 26, 2017).

[5] Vaccine Injury Law Project – Meet the Team, http://www.vaccineinjurylawproject.com/meet-our-team (last accessed April 26, 2017).

[6] Vaccine Injury Law Project – Meet the Team, http://www.vaccineinjurylawproject.com/meet-our-team (last accessed April 26, 2017); LinkedIn – Tara O'Mahoney https://www.linkedin.com/in/tara-o-mahoney-98790711/ (last accessed April 26, 2017).

### c. Reasonable Attorneys' Costs

Petitioner requests a total of $27,067.31 in attorneys' costs. Id. at 1; 23-24. These costs are for obtaining medical records, filing the claim, postage, and consulting with two experts. Petitioner provided receipts and invoices for all of these fees. Id. at 25-62. The undersigned finds that these costs are also reasonable and should be awarded.

## IV. Conclusion

Based on the foregoing, **the undersigned awards a lump sum in the amount of $65,708.31, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, Ms. Elizabeth Jackson, and her counsel, Mr. Edward Kraus.**[7]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with this decision.[8]

**IT IS SO ORDERED.**

                                            **/Thomas L. Gowen**
                                            Thomas L. Gowen
                                            Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice not to seek review.